UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN ADMIRALTY

| | |
|---|---|
| In the matter of Action Watersports of Incline Village, LLC, as the owner of the vessel Sierra Cloud, official number 950488, for Exoneration or Limitation of Liability. | No. 2:21-cv-00042-KJM-JDP<br><br>ORDER |

Action Watersports of Incline Village, LLC, is the owner of the Sierra Cloud, a boat. *See* Compl. at 1, ECF No. 1. On July 16, 2020, passengers aboard the Sierra Cloud were injured when it hit a submerged rock while attempting to assist another vessel on Lake Tahoe. *See id.* ¶ 5. Action Watersports alleges Lake Tahoe is a navigable waterway between California and Nevada and thus asserts this court's admiralty jurisdiction. *See id.* ¶¶ 1–2. It filed this action for limitation of liability under the Limitation of Shipowner's Liability Act, 46 U.S.C. § 30501 *et seq.*

A primary purpose of the Limitation Act is to create a venue for determining liabilities for "marine casualties" when the value of the claims exceeds the value of the vessel. *Anderson v. Nadon*, 360 F.2d 53, 57 (9th Cir. 1966). It "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the

1

owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001). But the Limitation Act is "not a model of clarity." *Id.* at 447. The Supreme Court found in the late Nineteenth Century the Act was "incapable of execution" without "further instructions" and thus designed and adopted a set of procedures now found in the Supplemental Rules of Admiralty. *See id.* (citing *Norwich & N.Y. Transp. Co. v. Wright*, 13 Wall. 104, 123 (U.S. 1871)). Under those rules, the owner of a vessel who wishes to invoke the protections of the Limitation Act files an action in federal district court. *See id.* at 447–48. The district court then secures the value of the vessel or the owner's interest in the vessel, orders all claimants to appear, and "enjoins the prosecution of other actions with respect to the claims." *Id.* at 448. The court adjudicates these claims without a jury, determines whether the vessel owner is liable and may limit liability, determines the validity of the claims, and distributes the limited fund if appropriate. *See id.*

Today the applicable rules and procedures are found in Supplemental Admiralty and Maritime Claims Rule F. Action Watersports invokes Rule F and moves ex parte for orders required by that Rule. That Rule includes four basic requirements. The first requirement is the correct venue. When, as here, *see* Compl. ¶ 2, "the vessel has not been attached or arrested to answer . . . , and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be." Rule F(9). Action Watersports does not allege the Sierra Cloud is within this district. Rather, its "home base" is in Nevada. *See* Compl. ¶ 2. The ex parte application is thus **denied without prejudice**.

Rule F(9) permits the court to "transfer [an] action to any district" for "convenience of parties and witnesses" and "in the interest of justice." If venue is "wrongly laid," Rule F(9) requires the court to dismiss the action or transfer it to a district in which it could have been brought. Action Watersports is thus **ordered to show cause within fourteen days** why this action should not dismissed or transferred to the United States District Court for the District of Nevada.

/////

/////

1   This order resolves ECF No. 5.

2   IT IS SO ORDERED.

3   DATED: January 21, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE